IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANA M. JORDAN | ) |
| | ) |
|       Plaintiff, | ) |
| | )   2:23-cv-00772 |
| v. | ) |
| | ) |
| RYAN MCWREATH et al. | ) |
| | ) |
|       Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION, GRANTING IN PART AND DENYING PART PARTIAL MOTION TO DISMISS, OVERRULING OBJECTIONS WITHOUT PREJUDICE, AND RETURNING THE ACTION TO THE MAGISTRATE JUDGE FOR FURTHER PROCEEDINGS.**

This action was referred to Magistrate Judge Christopher B. Brown for the conduct of pretrial proceedings and the issuance of Reports and Recommendations. The Defendants have filed a Partial Motion to Dismiss ("PMTD"), (ECF No. 62), requesting dismissal of certain claims against various of them in the currently operative pleading, the Second Amended Complaint ("SAC") (ECF No. 56). The Magistrate Judge issued a Report and Recommendation ("R&R") (ECF No. 74) recommending that the Partial Motion to Dismiss be granted in part and denied in part.

The Defendants filed Objections to the R&R, (ECF No. 75), specifically as to its invocation of Fed. R. Civ. P. 12(g)(2) as a bar to the request of certain Defendants (Washington County, McWreath and Andronas) to dismiss certain claims that were also involved in the disposition of a previous Partial Motion to Dismiss, (ECF No. 16). These Defendants say that the taking of that approach was an error, as the previous Partial Motion to Dismiss was directed at the Plaintiff's original Complaint and the SAC for the first time included not only three (3) new Defendants, allegedly materially altering the context of the case, but also advanced copious amounts of new

factual allegations along with a newfound reliance on detailed Pennsylvania State Police reports and documents. Defendants argue that in reality the SAC is a "new" pleading, and they therefore should not be subject to the limitations on filing of Motions pursuant to Fed. R. Civ. P. 12(b)(6) by virtue of Rule 12(g)(2). And they say in their Objections that for these reasons, the Motion to Dismiss as to them should be fully considered on its own merits and granted.

The Court has considered the entire record in this case, along with the R&R and the Objections upon *de novo* review as required by applicable law, and here is how the Court sees things. The Court would observe that the position of the Defendants is not illogical. But the Court also notes that the R&R was not out of bounds under currently prevailing law in rigorously applying the provisions of Rule 12(g)(2), and the Magistrate Judge was empowered to do so *sua sponte. Leyse v. Bank of America Nat'l Ass'n,* 804 F. 3d 316, 322 n.5 (3d Cir. 2015). That said, the Court would also observe that contrary to the R&R, (ECF No. 74 at 9, n. 3), a fair reading of the Plaintiff's opposition to the PMTD does not reveal that the Plaintiff actually relied upon or argued the application of Rule 12(g)(2) in opposing the PMTD, but as noted above, a district court is authorized to consider that Rule's application *sua sponte*, *Munro v. Ten Oaks Mgt. LLC*, No. 24-1041, 2025 WL 1124369, at *2-3 (D. Del. April 16, 2025) and under *Leyse*, is arguably required to do so. *But see Clark v. Sweeney*, No. 25-52, 2025 WL 3260170 (U.S. Sup. Ct., Nov. 24, 2025)(per curiam)(applying the party-presentation principle to bar a court's consideration of arguments and issues not raised or briefed by the parties). In this case, the papers pending with the Magistrate Judge when the R&R was issued did not raise the application of Rule 12(g)(2) in a fashion that would have placed the Defendants on notice that their Motion might fail on those

procedural grounds. But that that said, the recommended disposition via the R&R appears to be in accord with currently prevailing Circuit law.

Further, it appears that the Defendants will be able to bring those more recently advanced grounds for dismissal back before the Magistrate Judge, and quickly, and in a context in which Rule 12(g)(2) simply won't be in the mix. Upon filing their Answer, the objecting Defendants can (if they so choose) file a Motion for Judgment on the Pleadings under Rule 12(c), which if they do, will tee up the bases upon which they objected to the R&R and in short order, and it appears that any such Motion will be evaluated anew under the same standards as a Motion to Dismiss filed under Rule 12(b)(6). *See also* Fed. R. Civ. P. 12(h)(2)(B); *Oxford House, Inc. v. Twp of N. Bergen*, 148 F. 4th 486, 490 (3d Cir. 2025); *Wolfington v. Reconstructive Orthopedic Assocs. II PC*, 935 F. 3d 187, 197 (3d Cir. 2019)(citing *Revell v. Port Auth.*, 598 F. 3d 128, 134 (3d Cir. 2010). Whether the objecting Defendants choose to take that route will be their call.[1]

Upon consideration of the R&R, the Objections thereto, the record before the Court, and upon the applicable standard of adjudication, the Court adopts the R&R as modified by this Order as the Opinion of the Court, and the Partial Motion to Dismiss (ECF No. 62) is GRANTED IN PART AND DENIED IN PART as follows: The PMTD is GRANTED as to Plaintiff's Section 1983 claims at Count III of the SAC and as to Defendants Vittone and Romano, and those claims are dismissed with prejudice as amendment would be futile; Plaintiff's Section 1983 claims at

---

[1] If Defendants choose to pursue this option, it would also seem that their efforts will not be limited by the "law of the case" doctrine. The law of the case doctrine "prevents reconsideration of legal issues already decided in earlier stages of a case." *Bedrosian v. IRS*, 42 F.4th 174, 181 (3d Cir. 2022). However, the doctrine only impacts issues that were "expressly" or "necessarily resolved" by prior decisions in the same case. *PDX N., Inc. v. Comm'r N.J. Dep't of Lab. & Workforce Dev.*, 978 F.3d 871, 881 n.10 (3d Cir. 2022). And beyond that, the law of the case doctrine also does not prohibit a party raising an issue previously arguably waived in another form. *See Drippe v. Gotoweski*, 434 F. Appx. 79, 82 (3d Cir. 2011) (holding that the law of the case doctrine did not prohibit issuing judgement on an affirmative defense at trial when the party had waived their right to raise it via summary judgment).

Count III as against Defendant Walsh are dismissed without prejudice, and with leave to amend within 21 days of the date of this Order, and should such a further Amended Complaint in those specific regards not be so filed that dismissal is converted to a dismissal with prejudice without further notice or order.  No other amendments to the SAC may be filed without leave of Court obtained in advance. The PMTD is otherwise DENIED WITHOUT PREJUDICE as to all remaining claims, leaving in the action for the time being specifically the negligence claims at Counts I and II as to Defendants Washington County and McWreath; a Fourteenth Amendment substantive due process claim as against Defendants McWreath, Andronas and Washington County at Count III; wrongful death and survival claims as against the Defendants Washington County and McWreath at Counts IV and V.

The Objections (ECF No. 75) are otherwise OVERRULED without prejudice, and the action is returned to the Magistrate Judge for further proceedings.

**SO ORDERED** this 29th day of January, 2026.

/s/ Mark R. Hornak
Mark R. Hornak
United States District Judge