**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DIANA M. JORDAN, *et al.*, | Civil Action No. 2:23-cv-00772-MRH-CBB |
| Plaintiff, | CHIEF JUDGE MARK R. HORNAK |
| v. | MAGISTRATE JUDGE CHRISTOPHER B. BROWN |
| RYAN MCWREATH; *et al.*, | ***Electronically Filed*** |
| Defendants. | **JURY TRIAL DEMANDED** |

## REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

Plaintiff's Opposition (ECF No. 86) confirms this case is, at bottom, a tragic auto-accident negligence action that Plaintiff has tried to recast as a federal constitutional claim. It cannot succeed. Defendants moved for judgment on the pleadings on three discrete issues, and the Opposition does not save any of them, entitling Defendants to judgment on Counts III, IV and V and punitive damages. It also bears noting that: (1) this motion was invited by the Court and is not limited by the law of the case doctrine; and (2) the prior denial of dismissal was procedural, not substantive; the Court declined to reach the merits on procedural grounds, not because Plaintiff's claims are sound. (ECF No. 76 at 2-3.)

### I.    PLAINTIFF CANNOT RELY ON UNPLED FACTS AND THEORIES.

Plaintiff's Opposition is built on assertions absent from the Second Amended Complaint: a theory that the debris field and the vehicle's final resting position "straddling the fog line" prove a shoulder impact; characterizations of the investigation as an institutional "cover-up"; and a contention that McWreath had a "second tier DUI in 2010." (ECF No. 86 at 6, 7, 17.) However, because none of this is pled, it must be disregarded and the motion decided on the basis of the pleadings and the Pennsylvania State Police Report (ECF No. 72-2).

"[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," and new facts raised for the first time in opposition "may not be considered by the Court," and this principle applies with equal force on a Rule 12(c) motion.[1] Stripped of its extra-pleading material, the Opposition's "disputed fact" argument fails on its own terms. Judgment on the pleadings is appropriate where the movant is entitled to judgment as a matter of law on the facts as pleaded.[2]

With respect to the purported 2010 DUI, in addition to it not being pled, reference is improper on two independent grounds. First, it is inadmissible as evidence of a prior crime, which is "not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character"—a bar that applies fully in civil cases. Fed. R. Evid. 404(b)(1). Plaintiff offers the DUI for precisely that forbidden propensity inference. *United States v. Fattah*, 914 F.3d 112, 175-176 (3d Cir. 2019). Moreover, because more than ten years have passed, the 2010 conviction would be admissible "only if its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). Such remote convictions "are only to be admitted in exceptional circumstances," and the usual balancing is reversed against the proponent. *United States v. Dean*, 2021 WL 4137500, *2 n. 3 (M.D. Pa. Sept. 10, 2021); Fed. R. Evid. 609. Second, it is immaterial as, even if pleaded and admissible, a single 2010 DUI cannot make a 2020 substantive due process vehicle-fatality the "plainly obvious consequence" of hiring McWreath—the precise showing

---

[1] *Schiavo v. Carney*, 548 F.Supp.3d 437, 441 n. 3 (D. Del. 2021) (quoting *Tyler v. Cruz*, 2017 WL 132842, at *5 (D.N.J. Jan. 13, 2017) and citing *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988)); *Zhang v. Bank of Am.*, No. CV 22-477-GBW, 2023 WL 6066641, *3 n. 3 (D. Del. Sept. 18, 2023) (citing *Zimmerman, supra*).
[2] *Snyder v. Daugherty*, 899 F.Supp.2d 391, 400 (W.D. Pa. 2012) (citing *Brautigam v. Fraley*, 684 F.Supp.2d 589, 591-92 (M.D. Pa. 2010)); *Zhang, supra*. *See also*, *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196-1197 (3d Cir. 1993).

*Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 398-399 (1997), requires and the precise showing the record in *Brown* (which included a DUI-type offense) failed to make. For these reasons, the Court should disregard the DUI reference in resolving this motion and decline to credit it as a basis for sustaining any claim.

As shown below, crediting all well-pleaded allegations, the federal and punitive damages claims fail as a matter of law, making any supposed factual disputes immaterial.

**II.    PLAINTIFF FAILS TO STATE A 1983 CLAIM AGAINST ANY DEFENDANT.**

Whether conduct "shocks the conscience" is a question of law for the Court. Negligently inflicted harm "is categorically beneath the threshold of constitutional due process," and only conduct at the extreme of the culpability spectrum is actionable. *County of Sacramento v. Lewis*, 523 U.S. 833, 834 (1998); *Leddy v. Twp. of Lower Merion*, 114 F.Supp.2d 372, 375 (E.D. Pa. 2000). The Third Circuit applies a three-tier, time-based framework: conduct in a "hyperpressurized environment" requires an intent to harm; conduct allowing "hurried deliberation" requires conscious disregard of a great risk; and only conduct undertaken with time for "careful deliberation" may shock the conscience on a deliberate-indifference showing. *Sauers v. Borough of Nesquehoning*, 905 F.3d 711, 717-718 (3d Cir. 2018). Plaintiff seizes on the third tier, arguing that McWreath had "time to deliberate" over the duration of a phone call. (ECF No. 86 at 10.)

However, case law ties the deliberate-indifference standard to circumstances where "actual deliberation is practical." *Sauers*, 905 F.3d at 724 n. 1 (quoting *Lewis*, *supra*). Plaintiff's argument proves nothing, because her claim fails even under the deliberate indifference standard she invokes. Indeed, deliberate indifference requires that the actor actually appreciate and consciously disregard a serious risk—not merely that a reasonable person would have. The

most analogous authority, *Leddy*, *supra*, forecloses the claim. In *Leddy*, an officer driving 57–61 miles per hour without lights or siren struck and injured a motorist; however, the court held the conduct "may well have been negligent … but cannot be characterized as constitutionally conscience shocking." *Leddy*, 114 F.Supp.2d at 376. Courts have reached the same result across non-pursuit collision cases, including where an officer speeding without lights or siren killed a pedestrian. *Daniels v. City of Dallas*, 272 F.App'x 321, 322-324 (5th Cir. 2008).

Further, as Defendants' opening brief established, no court in this Circuit has ever found conscience-shocking conduct in a police-vehicle accident case. (ECF No. 82 at 8.) That a driver allegedly may have violated the Motor Vehicle Code, departmental policy, or a speed limit does not change the analysis. *Lewis*, *supra*. Additionally, Plaintiff's "totality" theory—that McWreath's post-impact conduct (calling a supervisor, using the non-emergency line, leaving the scene) deepens his culpability (ECF No. 86 at 14)—does not rescue the claim as post-accident conduct has <u>no causal nexus</u> to the alleged deprivation (death). The substantive due process question turns on conduct that caused the injury, and it, as a matter of law, does not shock the conscience.

As against the County, Plaintiff now stakes her *Monell* theory on a failure to screen, arguing that adequate vetting would have revealed a 2010 DUI. (ECF No. 86 at 17.) Even if that un-pleaded fact could be considered, controlling case law forecloses that theory.[3] Plaintiff's

---

[3] A single, facially lawful hiring decision supports municipal liability only where "adequate scrutiny of an applicant's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the decision to hire the applicant would be the deprivation of" the federal right at issue. *Brown*, *supra*. The connection between the applicant's background and the particular constitutional violation "must be strong," and the question is if this officer "was highly likely to inflict the particular injury suffered." *Id*. In *Brown*, assault, resisting arrest, and DUI offenses failed to make a later use of excessive force a "plainly obvious consequence" of the hire. *Id*. Here, a 2010 DUI, as a matter of law, cannot make a 2020 vehicle-fatality the obvious consequence of hiring McWreath.

"custom of non-investigation" theory fares no better.[4] And Plaintiff's request to excuse her pleading deficiency because discovery has been stayed (ECF No. 86 at 19) misunderstands the standard: Rule 12(c) tests the sufficiency of the pleadings, not the strength of undiscovered evidence. A plaintiff who cannot plead a plausible claim is not entitled to discovery to find one.

As against Andronas, supervisory liability requires personal involvement pled with particularity as well as an underlying violation by a subordinate and a "plausible nexus" between the direction and the specific deprivation.[5] Putting aside that Detective Gluth, not Andronas, was McWreath's supervisor at the accident scene, Plaintiff's allegation that Andronas instructed McWreath to leave the scene—like the County's investigation theory—is post-accident conduct with no causal connection to the death. (ECF No. 72-2 at 28 of 120; ECF No. 86 at 16). And there being no constitutional violation by McWreath, the claim against Andronas also fails. Further, dismissing this identical claim against Walsh while allowing it against Andronas and the County would produce exactly the inconsistent result Defendants' brief identified. (ECF No. 82 at 18.)

### III.    PLAINTIFF FAILS TO STATE A CLAIM FOR PUNITIVE DAMAGES.

Plaintiff concedes punitive damages are unavailable for wrongful death (Count IV), and the remaining punitive damages claims fail as a matter of law as Plaintiff's speeding and phone use allegations do not meet the standard, and McWreath allegedly being a trained officer on official business does not supply the missing element as official status is not subjective appreciation of risk.[6] There is no basis here for punitive damages.

---

[4] A policy or custom must be the "moving force" behind the injury, requiring a direct causal link. *Brown, supra.* Plaintiff's allegations of a failure to investigate deputy-involved accidents are, by definition, post-accident; conduct occurring after the death cannot be the moving force behind it. Plaintiff also fails to plead facts as to prior failures.

[5] *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988); *Santiago v. Warminster Tp.*, 629 F.3d 121 (3d Cir. 2010).

[6] Punitive damages require outrageous conduct reflecting evil motive or reckless indifference, the actor's state of mind is "vital," and a "subjective appreciation of the risk of harm" and action "in conscious disregard of that risk" is

Respectfully submitted,

JONESPASSODELIS, PLLC

By: s/Jason A. Rosenberger
    JASON A. ROSENBERGER, ESQUIRE
    PA I.D. #90971
    E-Mail:  jrosenberger@jonespassodelis.com

    MARIE MILIE JONES, ESQUIRE
    PA I.D. #49711
    Email:  mjones@jonespassodelis.com

    Fifth Avenue Place
    120 Fifth Avenue, Suite 26300
    Pittsburgh, PA  15222
    Phone: (412) 315-7272
    Fax: (412) 315-7273

    Counsel for Defendants, RYAN MCWREATH; WASHINGTON COUNTY SHERIFF, ANTHONY E. ANDRONAS; and WASHINGTON COUNTY, PENNSYLVANIA D/B/A WASHINGTON COUNTY, WASHINGTON COUNTY SHERIFF'S OFFICE, WASHINGTON COUNTY DISTRICT ATTORNEY'S OFFICE

---

necessary as a reasonable person "should have known" standard is expressly insufficient. *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766 (Pa. 2005). The Third Circuit held in *Burke v. Maassen*, 904 F.2d 178 (3d Cir. 1990), that a driver who was speeding, violated federal safety regulations, fell asleep, and killed a pedestrian could not be liable for punitive damages because the record lacked evidence he subjectively appreciated the risk. *See also*, *Jones v. Silver Creek Transp., LLC*, 701 F.Supp.3d 284, 289-290 (W.D. Pa. 2023).

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document

has been forwarded to all counsel of record by:

    \_\_\_\_\_    U.S. First Class Mail, Postage Paid

    \_\_\_\_\_    Certified Mail, Return Receipt Requested

    \_\_\_\_\_    Facsimile Transmittal

    \_\_\_\_\_    UPS Delivery

    \_\_\_\_\_    Electronic Mail

    __X__    Electronic Filing / Service

at the following address:

Thomas J. Gibbons, Esquire
Gibbons Legal, P.C.
2005 Market Street, Suite 1920
Philadelphia, PA 19103
tom@gibbonslegal.com

JONESPASSODELIS, PLLC

Dated: July 1, 2026               s/Jason A. Rosenberger
                                       JASON A. ROSNEBERGER, ESQUIRE
                                       MARIE MILIE JONES, ESQUIRE

                                       Counsel for Defendants,
                                       RYAN MCWREATH; WASHINGTON COUNTY
                                       SHERIFF, ANTHONY E. ANDRONAS; and
                                       WASHINGTON COUNTY, PENNSYLVANIA D/B/A
                                       WASHINGTON COUNTY, WASHINGTON COUNTY
                                       SHERIFF'S OFFICE, WASHINGTON COUNTY DISTRICT
                                       ATTORNEY'S OFFICE

7